The opinion of the Court was delivered by
Glover, J.
In this case, there was no offer to rescind the contract and the plaintiff can claim to recover only for such deterioration in value as arose from the unsoundness of the slave. When a full price is paid, a warranty of soundness is implied, and if the property be unsound, at the time of the sale, the difference between the price paid and the value of the property, impaired by reason of the unsoundness, should be the measure of damages. The attention of the jury was called to these familiar and well-settled principles of law by the Circuit Judge, and the evidence presented a case to which they were directly applicable.
The unsoundness of the slave, at^the time of the sale, rvas conclusively established, and the testimony authorizes the belief that a full price was paid. The estimated price which the defendant paid in the Charleston market was about the amount for which the plaintiff purchased, and a verdict in his favor justifies the conclusion that the jury were satisfied on these two points. The only question left for their consideration and decision was, the extent of depreciation in value, arising from the unsoundness. The jury have estimated this at one dollar.
A difference of opinion expressed by the witnesses, will necessarily allow some latitude in ascertaining, both the extent of the injury, and the amount of damages which should be given to indemnify the purchaser.
The professional opinions of Drs. North and Fishburne are entitled to great consideration in forming a judgment, as well respecting the nature of the disease, as the extent to which it might affect the value of the slave. They saw him at different periods, and were of opinion that his value was impaired from *170 50 to 75 per cent. Some of the defendant’s witnesses speak of him as able-bodied, but all of them admit the existence of the tumors which, in the opinion of Dr. North, are incurable, and which the defendant’s overseer said prevented the performance of his daily work. The amount found for the plaintiff will not compensate him for the loss which it was shown by the evidence he had sustained. We will not say with the Court in the case of English vs. Clery, (B Hill, 279,) that the finding of nominal damages for the plaintiff is matter “ of grave rebuke but the estimate of his damages is so plainly against the evidence, that it is calculated to create some surprise, and the plaintiff’ should be allowed to submit his case to another jury.
The motion for a new trial is granted.
O’Neall, FRost, Withers and Whither, JJ., concurred.
Wardlaw, J., absent at the argument.

Motion granted.